IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DARLENE DEARY, individually and
as assignee of DWIGHT NORMAN,

     *Plaintiff*,

v.                                          CASE NO.: 9:20-cv-80279-DMM

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

     *Defendant*.

_____/

## PROGRESSIVE AMERICAN INSURANCE COMPANY'S MOTION *IN LIMINE* EXCLUDING EVIDENCE REGARDING PLAINTIFF'S INJURIES THAT WERE NOT PROVIDED TO PROGRESSIVE DURING THE HANDLING OF THE CLAIM

Defendant, PROGRESSIVE AMERICAN INSURANCE COMPANY ("Progressive"), by and through undersigned counsel and pursuant to Federal Rules of Evidence and Federal Rule of Civil Procedure 1, hereby moves this Court *in limine* to preclude Plaintiff from presenting evidence, testimony, or argument regarding Plaintiff's physical state after the accident, post-accident limitations, or how the March 17, 2017 accident affected Plaintiff's life. In support thereof, Progressive states the following.

1.     The present action is a third-party insurance bad faith action brought by Plaintiff, Darlene Deary, as assignee of Dwight Norman. [*See* Doc. 47]. Darlene Deary ("Plaintiff") alleges that Progressive acted in bad faith in handling a bodily injury claim brought by Plaintiff against Progressive insured, Dwight Norman ("Norman"), arising from a March 17, 2017 motor vehicle accident. [*Id.*].

2.     Progressive reasonably expects Plaintiff will attempt to offer evidence, testimony, or argument related to Plaintiff's post-accident limitations and how the accident affected Plaintiff's

life.

3.      Evidence, testimony, or argument concerning the above is irrelevant to the issue presented in the current action—whether Progressive acted in bad faith in its handling of Plaintiff's bodily injury claim. Even if the Court found the testimony to be marginally relevant, it should be excluded as its probative value is substantially outweighed by the prejudice to Progressive—namely, the jury would be mislead into readdressing issues that were decided in the underlying prior action, and improperly decide the present case based upon sympathy.

4.      Therefore, for the reasons discussed herein, Progressive respectfully requests that this Court enter an Order prohibiting Plaintiff from presenting evidence, testimony, or argument concerning Plaintiff's physical state after the accident, Plaintiff's post-accident limitations, and how the March 17, 2017 motor vehicle accident affected Plaintiff's life.

**WHEREFORE,** PROGRESSIVE AMERICAN INSURANCE COMPANY respectfully requests that this Honorable Court enter an Order granting Progressive's Motion *in Limine* and granting such further relief this Court deems just and proper.

## MEMORANDUM OF LAW

### I.      Standard of Review

The Federal Rules of Evidence provide that generally all "relevant evidence is admissible." Fed. R. Evid. 402. Thus, "[e]vidence which is not relevant is not admissible." *Id.* "Relevant evidence" is evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of cumulative evidence." Fed. R. Evid. 403.

Additionally, Federal Rule of Civil Procedure 1 provides, in pertinent part, that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Although not specifically provided for by the federal Rules, federal trial courts have the inherent power to make *in limine* evidentiary rulings pursuant to their authority to manage the course of trials. *See Luce v. U.S.*, 469 U.S. 38, n.4 (1984)(The general purpose of a motion *in limine* is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of the trial." *Royale Green Condominium Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 2009 WL 2208166 (S.D. Fla. 2009) *citing Highland Capital Management, L.P/ v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D. N.Y. 2008).

Further, a motion *in limine* is proper to prevent a party from introducing information to the jury that would prejudice the opposing party simply through the mere mention of it. *Stewart v. Hooters of Am., Inc.,* 2007 WL 1752843, at *1 (M.D. Fla. 2007)(stating that the real purpose of a motion *in limine* is to "avoid the introducing of damaging evidence which may irretrievably effect [sic] the fairness of the trial."); *See* 75 Am.Jur.2d Trial § 39 (2008)(acknowledging that a motion *in limine* may be proper where the evidence at issue is highly prejudicial or inflammatory); *see* Fed. R. Evid. 403; *See* Advisory Committee Notes Fed. R. Evid. 403 (advising that unfair prejudice within the context of Rule 403 "means an undue tendency to suggest decision on an improper basis commonly, though not necessarily, an emotional one.")

II.     **Evidence and Testimony Regarding Plaintiff's Injuries Should be Excluded as it is Irrelevant**

Under the Federal Rules of Evidence, "relevant evidence" is evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action

more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In the instant matter, evidence or testimony regarding Plaintiff's post-accident limitations or how the March 17, 2017 automobile accident affected Plaintiff's life, is completely irrelevant to the one issue presented in the current action before the Court—whether Progressive acted in bad faith in handling Plaintiff's bodily injury claim. Such evidence should be excluded as irrelevant because it goes towards proving liability for the underlying accident and damages resulting from the underlying accident—two issues that were already determined in the underlying action. Thus, the introduction of such evidence will only serve to confuse the jury as to the real issue in this case— whether Progressive acted in bad faith in its handling of Plaintiff's claim.

Moreover, Florida law supports Progressive's  by providing in relevant part that Plaintiff's damages "are to include the total amount of the claimant's damages, including any amount awarded in the underlying claim in excess of the claimant's policy limits." *State Farm Mut. Auto. Ins. Co. v. Laforet,* 658 So.2d 55, 57 (Fla. 1995). In other words, Plaintiff's damages are fixed to the amount of the underlying jury verdict, as a matter of law. Therefore, evidence concerning the post-accident limitations or how the March 17, 2017 accident affected Plaintiff's life is irrelevant in this action because the same goes towards Plaintiff's damages—an issue decided by the underlying jury verdict and an amount fixed by law. Accordingly, such evidence should be excluded from this trial because it does not tend to either provide or disprove a material fact, as required by Federal Rule of Evidence 401.

### III.    Any probative value of such Evidence is Substantially Outweighed by the Apparent Prejudice to Progressive.

Should this Court find such evidence, testimony or argument is relevant to the issues of this case, the same should still be precluded because the danger of unfairly prejudicing the jury against Progressive substantially outweighs any probative value that such evidence may have.

4

*Stewart* 2007 WL 1752843, at \*1 (stating that the real purpose of a motion *in limine* is to "avoid the introducing of damaging evidence which may irretrievably effect [sic] the fairness of the trial"). *Perper v. Edell*, 44 So2d 78, 80 (Fla. 1979)("We conceive the rule to be that, if the introduction of evidence tends in actual operation to produce a confusion in the minds of the jurors in excess of the legitimate probative effect of such evidence—if it tends to obscure rather than illuminate the true issue before the jury then such evidence should be excluded.").

Introduction of evidence regarding Plaintiff's post-accident limitations, or how the March 17, 2017 accident, affected Plaintiff's life will prejudice Progressive by encouraging the jury to render its verdict based on sympathy, rather than on the facts that are relevant to whether Progressive acted in bad faith.  A proper argument is one that applies the evidence of the law and helps the jury understand the issues presented in the case, rather than one that encourages the jury to make its decision based on emotional responses. *See USAA Casualty Ins. Co. v. Howell,* 901 So.2d 876, 879 (Fla. 4th DCA 2005).  Thus, any evidence concerning Plaintiff's physical state after the accident, post-accident limitations, or how the March 17, 2017 accident affected Plaintiff's life can only be offered to curry sympathy and favor with the jury for Plaintiff and to prejudice the jury against Progressive. Accordingly, the introduction of such evidence, testimony, or argument should be excluded from trial of the present matter.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), the undersigned has conferred with counsel for Plaintiff in a good faith attempt to resolve the issues raised in this motion, but Plaintiff's counsel opposes all relief sought.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**s/CHRISTOPHER R. MACHADO**
**B. RICHARD YOUNG**
Florida Bar No.: 442682
bryoung@flalawyer.net
**ADAM A. DUKE**
Florida Bar No.: 0055734
aduke@flalawyer.net
**CHRISTOPHER R. MACHADO**
Florida Bar No.: 111622
cmachado@flalawyer.net
Young, Bill, Boles, Palmer,
Duke & Thompson, P.A.
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3195
Miami, Florida 33131
Telephone: (305) 222-7720
Facsimile: (305) 492-7729
Counsel for Defendant, Progressive
American Insurance Company.

6

**<u>SERVICE LIST</u>**
**DARLENE DEARY,**
**v.**
**PROGRESSIVE AMERICAN INSURANCE COMPANY,**
**CASE NO.: 9:20-cv-80279-DMM**

**MICHAL MEILER, ESQ.**
**S. ALICE WEEKS, ESQ.**
Ver Ploeg & Marino, P.A.
100 S.E. Second Street
Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 facsimile
mmeiler@vpm-legal.com
sweeks@vpm-legal.com
smcgee@vpm-legal.com
receptionist@vpm-legal.com
Counsel for Darlene Deary